
```
                              FILED
                         MISSOULA, MT
                      2007 NOV 13 PM 4 03
                         PATRICK E. DUFFY
                      BY_____
                           DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| In Re<br><br>    THERESA A. CHABOT,<br><br>                  Debtor.<br><br>THERESA A. CHABOT,<br><br>                  Plaintiff,<br><br>    vs.<br><br>WASHINGTON MUTUAL BANK,<br><br>                  Defendant. | CV 07-122-M-DWM |

### I. Introduction

United States Bankruptcy Judge Ralph B. Kirscher issued Proposed Findings of Fact and Conclusions of Law in this matter on May 10, 2007. Judge Kirscher recommended dismissing Counts Two, Three, Four, Five, Six, Seven, Eight, and Nine of Plaintiff Theresa Chabot's adversary complaint against Defendant Washington Mutual Bank with prejudice.

-1-

Judge Kirscher also recommended dismissing Count One of the complaint without prejudice. Chabot filed objections on June 11, 2007. Chabot therefore is entitled to a de novo determination of those portions of the Proposed Findings of Fact and Conclusions of Law to which she objected. 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033(d).

## II. Analysis

Chabot first contends Judge Kirscher should not have relied on Chabot's deposition because the stenographer did not send the transcript to Chabot for her review and signature to attest to its accuracy. Chabot, however, did not contest the accuracy of the transcript of her deposition in her briefing before Judge Kirscher. In fact, although Chabot disputed some of the facts set forth in Defendant's Statement of Uncontroverted Facts, she failed to cite or attach any depositions, affidavits, or exhibits to support her alleged disputed facts. Judge Kirscher thus relied on Defendant's Statement of Uncontroverted Facts in ruling on Defendant's motion for summary judgment. In her objections here, Chabot again fails to point to any inaccuracy in the transcript of her deposition, much less one that would affect the correctness of Judge Kirscher's findings and

conclusions. Chabot first objection therefore is without merit.

Chabot next argues Judge Kirscher erred in concluding Defendant was entitled to summary judgment because Defendant failed to give Chabot copies of the Truth In Lending Act ("TILA") and Right to Cancel disclosures with proper dates of delivery. The date on the disclosure documents, however, does not affect Judge Kirscher's analysis, which relied on the TILA's statute of repose. That statute provides, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . <u>notwithstanding the fact that the information and forms required under this section and any other disclosures required under this chapter have not been delivered to the obligor</u>." 16 U.S.C. § 1635(f) (emphasis added). Because Chabot did not file this action until more than three years after the closing, her TILA claims are barred regardless of whether the disclosure documents contained the correct date or were even delivered to Chabot.

Finally, Chabot argues Defendant is not entitled to summary judgment because Defendant received a timely rescission letter from Chabot and ignored the letter. The letter Chabot is referring to was sent on October 12, 2005.

Under 16 U.S.C. § 1635(f), Chabot's right to rescind the loan expired three years after closing. Because Chabot's letter was received more than three years after the closing date of March 25, 2002, Judge Kircher correctly concluded Chabot's TILA claims are barred by the three-year statute of repose.

### III.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Judge Kirscher's Proposed Findings of Fact and Conclusions of Law are adopted in full. Defendant's motion for summary judgment is GRANTED. Counts Two, Three, Four, Five, Six, Seven, Eight, and Nine of Plaintiff's Complaint are DISMISSED WITH PREJUDICE. Count One of Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is directed to enter final judgment in favor of Defendant and against Plaintiff.

Dated this \_\_\_ day of November, 2007.

Donald W. Molloy, Chief Judge
United States District Court